UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| UNITED STATES, | Case No. 4:08-cr-00272-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| DANNIS ADAMSON, | |
| Defendant. | |

# INTRODUCTION

The Court has before it the Government's motion for summary judgment. The motion is fully briefed and at issue. For the reasons set forth below, the Court will grant the motion.

# BACKGROUND

In the motion before the Court, the Government asks the Court to declare void a marital agreement between defendant Dannis Adamson and his wife Ruth Adamson. The Government argues that Dannis Adamson transferred assets to his wife in the marital agreement to frustrate the Government in its efforts to collect $7 million in back taxes he owes following his conviction for failing to pay payroll taxes. The Government seeks to set aside the marital agreement as a fraudulent transfer under the Fair Debt Collection Practices Act (FDCPA). The Court will resolve this issue after reviewing the litigation background in more detail.

In 2009, Dannis Adamson pled guilty to a charge of failing to pay taxes. In addition to receiving a 27-month jail sentence, he was ordered to pay $7,526,648.31 in

**Memorandum Decision & Order – page 1**

restitution. About two years later, in May 2011, Dannis and his wife Ruth executed a marital agreement in which they agreed to convert all their current community property – and any property or funds later acquired by each – to their own separate property.

In the property division, Ruth receives the largest share. While Dannis keeps a checking account with $300, household goods worth $4,500, and a Toyota Camry, Ruth keeps a checking account worth $41,000, an IRA worth $36,500, and stock worth $500,000, among other things. They each waived their respective community property interest in each other's assets and income. More specifically, they waived their community property rights in each spouse's future income, as well as in any IRA or pension account.

In an earlier decision, the Court allowed the Government to proceed in this criminal case to set aside the marital agreement, and provided for a limited period of discovery. *See Memorandum Decision (Dkt. No. 46)*. The Government has now filed a motion for summary judgment asking the Court to deem the marital agreement as a fraudulent transfer under the FDCPA.

## LEGAL STANDARD

The Mandatory Victims Restitution Act ("MVRA") grants the Government the authority to use the collection procedures of the FDCPA to enforce restitution ordered as part of a criminal sentence. *See U.S. v. Mays*, 430 F.3d 963, 965–66 (9th Cir.2005). The FDCPA states that it "shall preempt State law to the extent such law is inconsistent." 28 U.S.C. § 3003(d). Thus, any state law that limits collection in a manner inconsistent with

the FDCPA is preempted by that Act. *U.S. v. Gianelli,* 543 F.3d 1178, 1183 (9th Cir. 2008).

The FDCPA forbids debtors from avoiding obligations to the Government by fraudulently transferring assets. *See* 28 U.S.C. § 3304. If the transfer takes place after the debt was incurred, the transfer will be deemed fraudulent if (1) the debtor made the transfer "without receiving a reasonably equivalent value in exchange for the transfer" and was "insolvent" at the time; or (2) the transfer was made to an "insider for an antecedent debt," the debtor was insolvent at the time, and the insider "had reasonable cause to believe that the debtor was insolvent." *See* 28 U.S.C. § 3304(a).

## ANALYSIS

Each element required by § 3304(a) is present in this case. First, the marital agreement constitutes a "transfer" of "property." A "transfer" is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." 28 U.S.C. § 3301(8). The term "property" is defined to include community property. *See* 28 U.S.C. § 3002(12). The marital agreement transferred Dannis Adamson's community property interest to his wife, at a time when he was insolvent. A debtor is "insolvent" under 28 U.S.C. § 3302(a) "if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation." 28 U.S.C. § 3302(a). The $7 million restitution order is a debt that far exceeds the Adamsons' assets. Moreover, Ruth Adamson is an "insider" who had

reasonable cause to believe her husband was insolvent at the time of the marital agreement.

In exchange for that transfer, Dannis Adamson did not receive a "reasonably equivalent value." The term "reasonably equivalent value" means that "the debtor has received value that is substantially comparable to the worth of the transferred property." *Loftis*, 607 F.3d at 177. On the face of the marital agreement's division of property – summarized above – Dannis received far less than his wife. Dannis argues that he retained his right to his own future income, an "asset" of some value. But he is saddled with a $7 million restitution order, and there is no indication in the record that his potential earning power comes anywhere close to that figure.

Dannis Adamson argues that the value of what he received in the marital agreement is at least a genuine issue of material fact precluding summary judgment. The Court disagrees. In response to the Government's motion for summary judgment, Dannis Adamson was required to produce some evidence creating an issue of fact concerning the value of what he received in exchange for the substantial assets he gave up to his wife in the marital agreement. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Yet he submitted nothing to counter what appears on the face of the marital agreement – that the value of what he received was nearly worthless.

Dannis Adamson argues that if the marital agreement is void, he and his wife will have no choice but to divorce. That is not the only choice, as his counsel makes clear in his briefing. But even if it were, the "forced-to-divorce" defense sweeps far too broadly. If it applies in this case, what would prevent it from being used by a wealthier convict to

**Memorandum Decision & Order – page 4**

transfer the results of his ill-gotten gains – a mansion and yacht perhaps – to his wife to avoid the agony of divorce, ensuring that his victims received nothing? To avoid that absurd result, Congress has not written this defense into the FDCPA, and the Court declines to do so by judicial fiat.

Dannis argues that if they got a divorce, their decree would divide their property in the same way as the marital agreement, and that it is irrational to permit the former but not the latter. But a divorce decree is entitled to no more immunity than a marital agreement – both can be deemed fraudulent transfers under the FDCPA. *U.S. v. Schippers,* 2013 WL 5998236 (S.D. Iowa Nov. 1, 2013) (holding that a valid divorce decree "would have no effect on this Court's determination that the transfers [in the decree] were invalid under federal law").

Finally, Dannis argues that the marital agreement is valid under Idaho law and was entered into without any intent to defraud the Government. But this makes no difference under the FDCPA. While there are provisions under the FDCPA that require a showing of an intent to defraud, the Government is proceeding here under a constructive fraud provision that requires no such showing. *See* 28 U.S.C. § 3304(a). The validity of the marital agreement under Idaho law is no defense. *Gianelli,* 543 F.3d at 1183.

## CONCLUSION

The marital agreement is void under the FDCPA as a fraudulent transfer, and the Government is entitled to summary judgment. This means that the Adamsons cannot use the marital agreement as a shield to protect assets that otherwise could be used to repay taxpayers pursuant to the $7 million restitution order.

**Memorandum Decision & Order – page 5**

The Adamsons fear that this will lead to impoverishment when the Government seizes their remaining assets. The Court is not persuaded by that concern. At all times, the Justice Department is guided by its motto – "Qui Pro Domina Justitia Sequitur" – which translated means "one who prosecutes on behalf of justice (or the Lady Justice)." Justice requires taking all reasonable measures to reimburse taxpayers for Dannis Adamson's criminal conduct. That is precisely what the Government has done here by having the marital agreement set aside, and the Court is confident the Government will use wisdom, compassion and good judgment in pursuing the interest of the taxpayers.

## ORDER

In accordance with the Memorandum Decision set forth above

NOW THEREFORE IT IS HEREBY ORDERED, that the Government's motion for summary judgment (docket no. 47) is GRANTED, and the marital agreement between Dannis and Ruth Adamson, and recorded in Bannock County as document number 21106885, is deemed a fraudulent transfer under the FDCPA and is void as to the Government's attempts to collect the $7 million restitution owed by Dannis Adamson.

DATED: April 23, 2014

B. Lynn Winmill
Chief Judge
United States District Court